# IN THE SUPREME COURT OF THE STATE OF NEVADA

VITALY ZAKOUTO, A/K/A WILLIAM V. MOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67793

FILED

SEP 1 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK


## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant's convictions stem from the stalking and murder of his estranged wife. He was convicted of first-degree murder with the use of a deadly weapon, burglary while in possession of a deadly weapon, and two counts of aggravated stalking; he was sentenced to serve two terms of life in prison without the possibility of parole for first-degree murder and the weapon enhancement and various definite prison terms for the remaining offenses. On appeal, this court affirmed the judgment of conviction save appellant's home invasion conviction, which this court reversed because it was redundant to his burglary conviction. *Zakouto v. State*, Docket No. 41709 (Order Affirming in Part, Reversing in Part, and Remanding, March 3, 2005). Remittitur issued on June 14, 2005.

On June 2, 2011, appellant filed a pro se postconviction petition, which the district court denied as procedurally barred. Five days

16-28910

later, the district court (Judge Michael Villani) vacated its order denying postconviction relief, appointed counsel and permitted appellant to file a supplemental petition. Appellant filed supplemental petitions on November 21, 2011, and December 22, 2014. On March 19, 2015, Senior District Judge Robert Estes denied the petition as procedurally barred. This appeal followed.

Because appellant filed his petition six years after this court issued remittitur from his direct appeal, his petition was untimely filed and therefore procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1). And because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant argues that the district court erred by summarily denying his petition because Judge Villani's reversal of his decision denying the petition signaled an intention to conduct a merits review of claims raised in the petition. Appellant's contention is nothing more than speculation. Further, appellant made no argument concerning good cause below; nor has he done so on appeal. Accordingly, the district court properly denied his petition as procedurally barred. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 233, 112 P.3d 1070, 1075 (2005) (observing that the statutory rules regarding procedural default are mandatory); *Pellegrini v. State*, 117 Nev. 860, 886 & n.116, 34 P.3d 519,

536 & n.116 (acknowledging that application of statutory procedural bars is mandatory).[1] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, C. J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Michael Villani, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Appellant argues that the district court erred by denying his request to retest DNA evidence found at the crime scene. He made no assertion of good cause to explain the delay in raising this claim and therefore the claim was procedurally barred. To the extent appellant relies on NRS 176.0918, that statute provides for a different and specific postconviction procedure than that provided in NRS Chapter 34. Therefore his claim does not appear to be properly raised in a postconviction petition filed under NRS Chapter 34.